FILED
2024 OCT 29 AM 11:02
CLERK
U.S. DISTRICT COURT

Devon Turner (Pro Se, bitcoinswaps@protonmail.com)
PMB: 245
7061 W. North Ave
Oak Park, IL 60302-1002
Tel: (312) 735-2724
Plaintiff

### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| Devon Turner P/K/A Punchmade Dev,<br><br>*Plaintiff*,<br><br>– against –<br><br>Gibson Aust,<br><br>*Defendant*. | **COPYRIGHT ACT COMPLAINT AND**<br>**<u>JURY DEMAND</u>**<br><br>Civ. Action No.:<br>ECF Case<br><br>Case: 1:24−cv−00178<br>Assigned To : Oberg, Daphne A.<br>Assign. Date : 10/29/2024<br>Description: Turner v. Aust |

Plaintiff Devon Turner for his Complaint against defendant Gibson Aust, alleges:

### NATURE OF THE ACTION

1. This is a civil action for copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101 et seq. Defendant's infringing URL: http://www.youtube.com/watch?v=hanO1B4Xn-E

### PARTIES

2. Plaintiff Devon Turner P/K/A Punchmade Dev ("Turner" or the "Plaintiff") is a individual residing in the Federal Eastern District of Kentucky.

3. Punchmade Dev is a recognized copyrighted name and image in the United States of America

4. On information and belief, defendant Gibson Aust ("Gibson") is an individual residing in the Federal District Court for The District of Utah.

5. On information and belief, the Defendant publish video content to a YouTube

1

channel having the name "Xzavier"

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

7. This Court has personal jurisdiction over Defendant because, on information and belief, the Defendant, (a) reside in Ogden Utah; (b) in person or through an agent have transacted business in Utah through his YouTube channel; and/or (c) (i) have committed the infringing acts described herein, causing injury to Mr. Turner in Utah, and (ii) expected or should reasonably have expected his infringing acts to have consequences in Utah, and (iii) derive substantial revenue from interstate or international commerce.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).

## PLAINTIFF'S WORK

9. Mr. Turner is the sole owner of the copyright and all other rights in and to the creative motion picture collection of works titled "Rags to Riches" http://www.youtube.com/watch?v=hanO1B4Xn-E (US Copyright Serial Number: 98161322) which collection includes the individual work titled "Punchmade Dev" (individually the "Work").

10. A copy of Mr. Turner's registration certificate with the United States Copyright Office is attached hereto at Exhibit 1.

11. As an independent music artist struggling to achieve mainstream recognition, Mr. Turner invests virtually all of its income into its projects, as well as functioning in multiple roles as writer, director, producer, cinematographer, editor, and even signing new hot music artists.

12. Mr. Turner also composes all of the original soundtrack works for his film projects which music works have also received independent recognition.

13. Mr. Turner has passionately invested his time, energy, and occasionally money into its films and music projects.

## DEFENDANT'S INFRINGEMENTS

14. On or about June 1, 2024, Defendant published multiple videos on to his YouTube channel that copied and displayed virtually all of Mr. Turner's original Work at Youtube URL: http://www.youtube.com/watch?v=hanO1B4Xn-E (the "Infringing Video").

15. The Infringing Videos features Mr. Turner's original music, thumbnail, artwork and videos.

16. The Infringing Video was created and published without license from Mr. Turner in direct violation of Mr. Turner's exclusive rights as an author pursuant to 17 U.S.C. § 106.

17. The Infringing Video consists of virtually all of the original Work, comprising the majority of the Infringing Video, with some original work by Gibson comprising a minority of the Infringing Video.

18. The Infringing Video does nothing to alter the original Work with new expression, meaning, or message.

19. The Infringing Video fails to contribute a single substantive comment, criticism, or even parody of or of the original Work.

20. On information and belief, the Infringing Video was published by the Defendant in a transparent attempt to exploit the popularity of the original Work which currently has more than over a Million views on YouTube.

21. The Infringing Video was even advertised by the Defendant by utilizing a still "thumbnail" image from the original Work (as opposed to a still image from the Defendant's "original content," minor as that is, from his Infringing Video) which advertisement, on information and belief, was specifically tailored by the Defendant to confuse viewers into thinking that, by clicking on the hyperlink to the Infringing Video, they would be taken to the original Work.

22. On October 5th, 2024, Mr. Turner emailed Gibson to request that he immediately remove the Infringing Video from YouTube and cease all future infringement of the Work.

23. On October 5th, 2024, Gibson on behalf of the infringing YouTube channel, responded to Mr. Turner via email, refusing to cease his infringement, claiming fair use exemption, directing Mr. Turner to contact his attorney, and daring Mr. Turner to file a takedown request with YouTube pursuant to the Digital Millennium Copyright Act ("DMCA"), stating that Gibson would dispute such takedown notice and that the "[Infringing Video] will be reinstated within two weeks" because Gibson have "dealt with this many times," and such allegations of infringement were evidently a "matter of routine to [him]."

24. Upon information and belief, the Defendant has unfairly derived profit from the Infringing Video in the form of advertising revenues generated on YouTube by the Infringing Video.

25. Upon information and belief, the Defendant has unfairly derived profit from the Infringing Video in the form of his YouTube channel, which generates advertising revenue, increasing in popularity during the month period that the Infringing Video was displayed.

26. Upon information and belief, the Defendant' YouTube channel more than doubled its number of subscribers due, at least in part, to the popularity generated by the Infringing Video.

27. Upon information and belief, the Defendant has unfairly derived profit from the Infringing Video and from the goodwill and popularity generated by the Infringing Video in the form of donations that the Defendant has received from his fan base via donation website www.patreon.com.

28. Upon information and belief, and based upon the Defendant's express statements, the Defendant has unfairly derived and/or will unfairly derive additional profit from the

5

Infringing Video and from the goodwill and popularity generated by the Infringing Video in the form of donations from his fan base via the website www.kickstarter.com.

**DEFENDANT'S FALSE DMCA COUNTER NOTIFICATION**

29. On or about October 21st, 2024, Mr. Turner submitted to YouTube a notification, pursuant to 17 USC § 512(c)(3) (the "DMCA"), requesting that YouTube takedown the Infringing Videos.

30. YouTube took down the Infringing Videos on October 21st, 2024.

31. On or about October 22nd, 2024, the Defendant submitted to YouTube a counter notification, pursuant to 17 USC § 512(g)(3), affirming under penalty of perjury that the Infringing Video was improperly removed because it was, among other reasons, a fair use and "noncommercial."

32. A copy of the Defendant's counter notifications to YouTube are attached hereto at Exhibit 2.

33. Aside from the fact, as described in greater detail above, that the Infringing Videos does not constitute a transformative fair use, it is also the fact that the Defendant operate the Xzavier YouTube channel, where he published the Infringing Videos, as an entertainment channel via which the Defendant generate advertising revenues.

34. Upon information and belief, the Defendant's YouTube channel is fully monetized and its advertising network which is a YouTube partner that helps YouTube contributors, such as the Defendant, grow his advertising revenues generated from content that they publish to YouTube.

35. Indeed, the Infringing Video was rife with third party advertisements that, upon information and belief, generated advertising revenue for the Defendant.

**FIRST CLAIM FOR RELIEF**

**(Copyright Infringement)**

36. Mr. Turner repeats and realleges the assertions contained in paragraphs 1 through 35 above.

37. Mr. Turner is the author of, and sole proprietor of all right, title and interest in and to the federal copyrights in the Work. Under 17 U.S.C. § 106, Mr. Turner has the exclusive right to reproduce, distribute, publicly display and prepare derivative works based on the Work.

38. As alleged above, Defendant has infringed the copyrights in the Work by unlawfully reproducing, publicly displaying, promoting, distributing, and preparing an unlicensed derivative work of the Work in the form of his Infringing Videos.

39. The Defendant should have known that his slavish reproduction of virtually all of the Work, without any substantive alteration to infuse the Work with new expression, meaning, or message, was not a "fair use" of the Work as defined in 17 U.S.C. § 107.

40. The Defendant should have performed, in good faith, research of the relevant statutes and case law to understand that his use of the Work was not a fair use.

41. The Defendant's infringements were willful and malicious in that he was committed with knowledge or in reckless disregard of Mr. Turner's exclusive rights, especially after having been warned of the same by Mr. Turner.

42. The Defendant's willful and malicious conduct is evidenced by his email to Mr. Turner wherein he dared them to make a DMCA request to YouTube and promised to immediately dispute such request.

43. Mr. Turner is entitled to recover from Defendant his actual damages as well as the profits of Defendant attributable to each of his infringements and not taken into account in

computing actual damages, pursuant to 17 U.S.C. § 504(b); or, at Mr. Turner's election, an award of statutory damages pursuant to 17 U.S.C. § 504(c) with respect to each of the infringements by the Defendant of the Work.

44. Pursuant to 17 U.S.C. § 505, Mr. Turner is also entitled to recover his costs and attorneys' fees from Defendant with respect to each infringement by Defendant of the Work.

45. As a result of Defendant's copyright infringements, Mr. Turner has suffered, and will continue to suffer, irreparable injury not fully compensable in monetary damages, and is therefore entitled to an injunction enjoining the Defendant from engaging in his infringing activities.

## SECOND CLAIM FOR RELIEF

### (DMCA Misrepresentation)

46. Mr. Turner repeats and realleges the assertions contained in paragraphs 1 through 45 above.

47. By filing a DMCA counter notification with YouTube on or about October 22nd, 2024, the Defendant knowingly misrepresented to YouTube that the Infringing Video was improperly removed because (i) it was a fair use under U.S. copyright law; (ii) it was noncommercial; (iii) it was transformative in nature; and (iv) it used no more of the original Work than necessary.

48. The foregoing statements made by the Defendant under penalty of perjury are false.

49. 17 U.S.C. § 512(f) provides that "[a]ny person who knowingly materially misrepresents under this section … shall be liable for any damages, including costs and attorneys' fees, incurred … by any copyright owner or copyright owner's authorized licensee .. who is injured by such misrepresentation."

50. Pursuant to its internal policies, in the event of a counter notification such as in the instant matter, YouTube requires copyright owners to submit proof that they have filed a court action seeking injunction against display of the infringing material.

51. Mr. Turner was injured by the Defendant's misrepresentation to YouTube under the DMCA in being forced to pursue this action in order to secure the ultimate removal of the Infringing Videos from YouTube.

52. Mr. Turner is entitled to damages including costs and attorneys' fee pursuant to 17 U.S.C. § 512(f).

**WHEREFORE**, Mr. Turner prays that the Court:

1. Find that the Defendant has willfully and maliciously infringed Mr. Turner's copyright in the Work;

2. Preliminarily and permanently enjoin Defendant, his officers, agents, employees, and related companies, and all persons acting for, with, by, through, or under them, from copying, reproducing, distributing, advertising, promoting, publicly displaying any work that is identical or substantially similar to or reproduces any portion of the Work;

3. (a) Award to Mr. Turner, pursuant to 17 U.S.C. § 504(c), his actual damages incurred as a result of Defendant's acts of copyright infringement, and all profits the Defendant realized as a result of such unlawful acts, in amounts to be determined at trial; or (b) In the alternative, with respect to the Work, award to Mr. Turner, at his election, statutory damages pursuant to 17 U.S.C. § 504(c);

4. Award to Mr. Turner, pursuant to 17 U.S.C. § 505, his costs and attorneys' fees incurred as a result of Defendant's unlawful acts;

     5.     Find that the Defendant have made a knowing misrepresentation to YouTube pursuant to 17 U.S.C. § 512;

     6.     Award Mr. Turner, pursuant to 17 U.S.C. § 512(f) damages including costs and attorneys' fees arising from the litigation of this action to secure final takedown of the Infringing Videos; and

     7.     Grant such other and further relief as the Court deems necessary and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff demands trial by jury in this action of all issues so triable.

Dated: Lexington Kentucky
       October 22, 2024

*Devon Turner* (signature)

Devon Turner (Pro Se Litegent)
PMB: 245
7061 W. North Ave
Oak Park, IL 60302-1002
P: (312) 735-2724
bitcoinswaps@protonmail.com

*Plaintiff*